1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THEODORE O'DELL WILSON,

11              Petitioner,              No. 1:06-cv-00141 ALA HC

12        vs.

13   JOHN MARSHALL, Warden, et al.,

14              Respondents.            <u>ORDER</u>

15   _____/

16        Theodore O'Dell Wilson, a state prisoner, filed an application for habeas corpus relief

17   pursuant to  28 U.S.C. § 2254(a) on January 23, 2006, based on alleged violations of his federal

18   constitutional rights.

19        Respondent, John Marshall, Warden of the California Men's Colony in San Luis Obispo,

20   California, filed a motion to dismiss Petitioner's application on December 28, 2007.  Respondent

21   maintains that Mr. Wilson's petition should be dismissed without consideration of its merits

22   because it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

23   In his response in opposition to the motion to dismiss, Petitioner maintains that the one-year

24   statute of limitations was statutorily tolled by properly filed state post-conviction petitions.  He

25   also contends that his application was timely because he is entitled to equitable tolling of the

26

limitations statute.  As explained below, the Court concludes that Petitioner's application must be dismissed because it is time barred.

**I**

**A**

Petitioner was convicted in the Fresno County Superior Court of inflicting corporal injury on his spouse/cohabitant (count one), felony false imprisonment by force (count two), and child endangerment (count three), in violation of Cal. Pen. Code, §§ 273.5(a), 236, and 273a(b), respectively.  The jury found true Petitioner personally used a firearm during the commission of the first two counts.  On February 27, 2002, the trial court sentenced Petitioner to a term of seven years in state prison.

Petitioner filed a direct appeal from the trial court's judgment with the California Court of Appeal for the Fifth Appellate District on April 12, 2002.  That court affirmed the judgment on November 20, 2003.  The California Supreme Court denied review on January 28, 2004.

**II**

**A**

Petitioner filed a petition for a writ of habeas corpus in the Fresno County Superior Court on January 31, 2005.  That court denied the petition on February 8, 2005.

**B**

On March 28, 2005, Petitioner filed an original petition for habeas corpus relief in the California Court of Appeal for the Fifth Appellate District.  The petition was denied without comment on April 28, 2005.

**C**

Petitioner filed a successive petition for a writ of habeas corpus in the California Supreme Court on June 13, 2005.  It was denied without comment on  October 12, 2005.

////

////

**III**

**A**

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244(d).  AEDPA applies to applications for a writ of habeas corpus relief filed after the effective date of that statute.  28 U.S.C. § 2254(a).  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1498 (9th Cir. 1997). (en banc).  Because Petitioner's application for federal habeas corpus relief was filed after that date, the time limitations set forth in AEDPA apply in this matter.

**B**

The limitation provisions of AEDPA that apply here read as follows:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . .

28 U.S.C. § 2244(d).

Section 2244(d)(1) sets forth a tolling provision of the one-year statute of limitations quoted above in the following words:  "The time during which a properly filed application for state post-conviction or other collateral review with respect for the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  "[A]n application is 'properly' filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 7, 8 (2000).

In this matter, Petitioner filed several applications for state post-conviction review. Accordingly, this Court must engage in a mathematical computation to determine whether the one-year limitation was complied with, after excluding the time that elapsed in presenting

1   Petitioner's *properly* filed post-conviction petitions in state courts.

2   **1**

3       Petitioner did not file his first state petition for a writ of habeas corpus until January 31,

4   2005, more than one year after the date the California Supreme Court denied review of Mr.

5   Wilson's direct appeal on January 28, 2004.  Accordingly, in dismissing Mr. Wilson's petition,

6   the state trial court held that "petitioner ha[d] provided no justification for his lack of diligence

7   [in filing his petition] nor is any found in the record."  (Doc. No. 1, Exh. A).[1]  Because the first

8   state court petition was not "properly filed" under § 2244(d)(2), the running of the one-year

9   statute of limitations was not tolled.

10       Petitioner's direct review process became final on April 27, 2004, when the 90 day time

11   period allowed for Petitioner to file a petition for a writ of certiorari with the United States

12   Supreme Court expired, following the California Supreme Court's denial of his petition for

13   review on January 28, 2004.  Absent any statutory tolling, Petitioner's one-year statute of

14   limitations would expire April 27, 2005.  Therefore, 281 days expired between the date the one-

15   year limitation period began on April 27, 2004, and January 31, 2005, the date Petitioner filed

16   his first state petition for habeas corpus relief.

17   2

18       The California Court of Appeal for the Fifth Appellate District denied Petitioner's second

19   habeas corpus petition on April 28, 2005 without comment.  (Doc. No. 1, Exh. F).  The

20   California Supreme Court denied Petitioner's third habeas corpus petition on  October 12, 2005

21   without comment.  (Doc. No. 1, Exh. G).  Accordingly, we "must look" through the Court of

22   Appeal's denials to the last reasoned decision by a state court.  *Ylst v. Nunnemaker*, 501 U.S.

23

24       [1]The fact that the state court also considered and denied Mr. Wilson's petition on the
merits is of no import.  As explained in *Carey v. Saffold*, 536 U.S. 214 (2002), a case cited in the
state court's ruling, and *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), "[w]hen a post-conviction

25   petition is untimely filed under state law, 'that [is] the end of the matter' for purposes of §
2244(b)(2)."  *DiGuglielmo*, 544 U.S. at 414 (quoting and clarifying the holding in *Saffold*, *536*

26   U.S. at 226).

797, 803 (1991).  Because the Fresno County Superior Court denied the petition filed in its court as untimely, the statute of limitations was not statutorily tolled by the filing of the second or third petitions in the California Court of Appeal or the California Supreme Court as these petitions were not "properly filed" under § 2244(d)(2).  Petitioner's one-year statute of limitations provided under § 2244(d) expired on April 25, 2005, some nine months before he filed the instant petition on January 23, 2006.

**IV**

In his opposition to the motion to dismiss, Petitioner contends that he is entitled to the application of the doctrine of equitable tolling of the statute of limitations.  Petitioner contends that his inability to access trial transcripts entitles him to equitable tolling.

Equitable tolling will be granted under Ninth Circuit jurisprudence if a prisoner can demonstrate that extraordinary circumstances beyond his or her control made it impossible to file a petition on time. *Calderon (Beeler) v. U.S. Dist. Ct. for C.D. of Cal.*, 128 F.3d 1283, 1287 (9th Cir. 1997).  Equitable tolling is not available if the facts demonstrate "what at best is a garden variety of excusable neglect." *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990).  "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

According to Petitioner, his appellate counsel sent him the trial transcripts on or about March 3, 2004.  (Doc. No. 23 at 7).  Petitioner, by his own admission, had access to the trial transcript some ten months prior to the filing of his first state petition for habeas corpus relief and nearly 14 months prior to the expiration of his one-year statute of limitations.  Petitioner has failed to set forth sufficient facts to demonstrate that this constitutes extraordinary circumstances that prevented him from filing within the one-year of the date his direct appeal from the judgment became final.  Petitioner failed to present facts to the state courts to show that his petitions were presented within a reasonable time in light of the circumstances that would justify a delay.  Under California law, a prisoner must establish that his petition was filed "within a

1  reasonable time after the petitioner or counsel knew, or with due diligence should have known,

2  the facts underlying the claim as well as the legal basis for the claim." *In re Harris*, 5 Cal. 4th

3  818, 828 n.7 (1993).

4         Petitioner has failed to meet his burden of specifying facts that would give rise to

5  equitable tolling.

6         Good cause appearing therefore, it is HEREBY ORDERED that Petitioner's application

7  is dismissed because it was untimely filed.  The clerk is directed to enter judgment and close the

8  case.

9  /////

10  DATED: August 4, 2008

11                                    /s/ Arthur L. Alarcón

12                          _____
                           UNITED STATES CIRCUIT JUDGE
                           Sitting by Designation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6