IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEODORE O'DELL WILSON,

    Petitioner,                   Case No. 1:06-cv-00141 ALA (HC)

    vs.

JOHN MARSHALL, Warden, et al.,

    Respondents.               ORDER

_____/

    Theodore O'Dell Wilson ("Mr. Wilson"), a state prisoner, filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2254(a) on January 23, 2006, based on alleged violations of his federal constitutional rights (Doc. 1). Mr. Wilson's habeas petition was dismissed because it was untimely filed, and Mr. Wilson failed to demonstrate an extraordinary circumstance to warrant equitable tolling of the AEDPA one-year statute of limitations. (Doc. 29).

    Pending before this Court are Mr. Wilson's motions to grant a Certificate of Appealability (Doc. 32), to appoint counsel (Doc. 33) and to proceed *in forma pauperis* (Doc. 35).

**I**

    Before Petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

1  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because this Court dismissed Mr. Wilson's application on procedural grounds, the constitutional merits were not reached. This Court cannot issue a certificate of appealability "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, [and] a reasonable jurist could not conclude either the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**II**

No absolute right to appointment of counsel exists in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Pursuant to 18 U.S.C. § 3006A, however, appointment of counsel may be granted by this Court "if the interests of justice so require." This Court finds that the interests of justice would not be served by the appointment of counsel at the present time. Therefore, Mr. Wilson's request for an appointment of counsel is denied.

**III**

Rule 24 (a)(3) of the Federal Rules of Appellate Procedure provides in relevant part:

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

Because Mr. Wilson's motion to proceed *in forma pauperis* was granted during the course of the district court action, and this Court does not find additional authorization is required pursuant to Rule 24(a)(3) of the Federal Rules of Appellate Procedure, Mr. Wilson's motion to proceed *in forma pauperis* on appeal is denied as moot. (Doc. 10).

Accordingly, IT IS HEREBY ORDERED that:

1. Mr. Wilson's motion for a Certificate of Appealability be DENIED. (Doc. 32);

2. Mr. Wilson's motion seeking an appoint of counsel be DENIED. (Doc. 33); and

3. Mr. Wilson's motion to be deemed *in forma pauperis* on appeal be DENIED (Doc. 35).

/////

DATED: September 18, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation